IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO L. OMEGA, et al., | No. C 11-02621 JSW |
| Plaintiffs, | **ORDER:** |
| v. | **(1) DENYING EX PARTE APPLICATION FOR ORDER TO SHORTEN TIME** |
| WELLS FARGO & CO., et al., | |
| Defendants. | **(2) DIRECTING PLAINTIFFS' COUNSEL TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED;** |
| | **(3) DIRECTING PLAINTIFFS TO FILE A MOTION TO REMAND;** |
| | **(4) VACATING HEARING ON MOTIONS TO DISMISS AND TO STRIKE AND VACATING CASE MANAGEMENT CONFERENCE** |

On December 1, 2011, Plaintiffs filed an Ex Parte Application for an Order to Shorten Time, in which Plaintiffs ask that the Court hear a motion for Rule 11 sanctions in conjunction with Defendants' motions to dismiss and to strike. The Court DENIES Plaintiffs' *ex parte* application. If Plaintiffs wish to file such a motion, they shall notice it in accordance with the Northern District Civil Local Rules on an open and available date on this Court's calendar.

//

//

//

On November 9, 2011, this Court issued an Order to Show Cause directing Plaintiffs to show cause why this case should not be dismissed for failure to prosecute. The Court issued that order because Plaintiffs, for the second time in this case, failed to file a timely response to motions filed by the Defendants. On November 14, 2011, Plaintiffs filed their response to the Order to Show Cause. Plaintiffs' explanation for their failure to file a timely response to Defendants' motion is that the Court lacks subject matter jurisdiction over this action. The Court finds Plaintiffs' response insufficient. If Plaintiffs believed this Court lacked jurisdiction, the proper procedure would have been to file a motion to remand, *which Plaintiffs still have not done,* or to raise the issue of subject matter jurisdiction in opposition to either of Defendants' motions to dismiss. Therefore, Plaintiffs' counsel IS HEREBY ORDERED TO SHOW CAUSE why sanctions in the amount of $500.00 should not be imposed for failing to comply with this Court's deadlines and to diligently prosecute this case. Counsel's response shall be due by no later than December 9, 2011.

The Court also determines that it must resolve the question of subject matter jurisdiction before reaching the pending motions. Defendant Wells Fargo Bank, N.A. removed this case and, in its notice of removal, argued that Wells Fargo & Co. was a sham defendant. As the Court noted in its Order resolving the Defendants' first motion to dismiss, Plaintiffs did not dispute that Wells Fargo Bank was the proper party to be sued. (*See* Docket No. 37.) Plaintiffs also did not take the position that the Court lacked subject matter jurisdiction. The Court stated that "[a]s such, the Court is satisfied that it has jurisdiction in this action." (*Id.* (Order at 2 n.1).) Contrary to Defendants' argument in their response to the Order to Show Cause, the Court did not find that Wells Fargo & Co. was, in fact, a sham defendant. Plaintiffs again name Wells Fargo & Co. as a Defendant in their First Amended Complaint. Wells Fargo & Co. is a non-diverse defendant. Thus, if it is not a sham defendant, the Court lacks subject matter jurisdiction over this action. The Court finds this issue of whether Wells Fargo & Co. is a sham defendant is not adequately briefed.

Accordingly, Plaintiff is HEREBY ORDERED to file a motion to remand by no later than December 23, 2011. Defendants' response to the motion to remand shall be due by

2

1  January 9, 2012. Plaintiffs' reply shall be due by January 16, 2012. Unless the Court
2  determines a hearing is necessary, it shall resolve the matters on the papers.
3      The Court VACATES the hearing on Defendants' motion to dismiss and to strike and
4  the case management conference scheduled for December 9, 2011, pending resolution of
5  Plaintiffs' motion to remand. The Court shall issue a further briefing schedule on those motions
6  if necessary.

**IT IS SO ORDERED.**

Dated: December 2, 2011

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE