IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO L. OMEGA, et al., | No. C 11-02621 JSW |
| Plaintiffs, | **NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |
| v. | |
| WELLS FARGO & CO., et al., | |
| Defendants. / | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 24, 2012, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein. Apart from citations to authorities as permitted above, the parties **shall not submit written responses** in response to this Notice of Tentative Ruling.

The Court **tentatively denies** Plaintiff's motion to remand, because it **tentatively finds** that Wells Fargo Bank, N.A. was the intended defendant and, therefore, properly removed the action. However, because the Court has further questions regarding subject matter jurisdiction, it shall reserve issuing a tentative ruling on Plaintiffs' motion for a temporary restraining order. The parties shall have twenty (20) minutes to address the following question:

1. Although the parties continue to dispute whether Wells Fargo & Company was fraudulently joined, at this stage it appears that the proper analysis is whether the Court should permit Plaintiffs to add Wells Fargo & Company as a defendant. *See* 28 U.S.C. § 1447(e). Pursuant to Section 1447(e), the Court retains discretion to determine whether or not to permit joinder. *See, e.g., Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998).

    The Court may consider the following factors to determine whether it should permit Plaintiffs to add Wells Fargo & Company: (1) whether Wells Fargo & Company is required for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2) whether the statute of limitations would bar an action against Wells Fargo & Co in state court; (3) whether the joinder is untimely, or there has been an unexplained delay in Plaintiffs' request; (4) whether joinder is intended solely to destroy diversity jurisdiction, (5) whether the claims against the Wells Fargo & Company appear valid; and (6) whether Plaintiffs would be prejudiced if the Court denies them leave to amend. *See, e.g., IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, *SA de CV*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

    a. What is Plaintiffs' best argument that the Court should permit them to join Wells Fargo & Company and remand this action to state court?

    b. Conversely, what is Defendants' best argument that the Court should not permit Plaintiff to add Wells Fargo & Company as a defendant and should retain jurisdiction over this action?

**IT IS SO ORDERED.**

Dated: February 22, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE