IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCIO L. OMEGA, | No. C -11-02621(EDL) |
| Plaintiff, | **ORDER REGARDING REPORT AND RECOMMENDATION TO GRANT MOTION FOR ATTORNEY'S FEES** |
| v. | |
| WELLS FARGO & CO., | |
| Defendant. | |

## Background

Plaintiffs Florencio and Juanita Omega originally filed this action relating to Defendant Wells Fargo's foreclosure on their home in state court on May 16, 2011. Defendant removed the action to this Court based on federal question and diversity jurisdiction, arguing that Wells Fargo was fraudulently joined. Dkt. #1. Defendant filed a motion to dismiss and Plaintiffs filed an untimely opposition and then an amended complaint. Dkt. # 10, 32. Defendant moved to dismiss the amended complaint. Dkt. #36. Plaintiffs failed to respond to the motion to dismiss, prompting Judge White to issue an order to show cause. Plaintiffs thereafter filed an *ex parte* motion to shorten time on a motion for sanctions, which was denied. Dkt. # 42-44. Plaintiffs then filed a motion to remand and an *ex parte* motion for a temporary restraining order. Dkt. # 48, 54. Judge White denied both motions and set a hearing on Defendant's motion to dismiss. Dkt. # 70. Judge White also issued an order sanctioning Plaintiffs' counsel for failure to comply with court deadlines and diligently prosecute the case. Dkt. # 71. Plaintiffs counsel failed to pay sanctions, and Judge White issued a second order imposing sanctions against Plaintiffs' counsel. Dkt. # 73. Judge White then dismissed the case with prejudice. Dkt. # 74-75. Following dismissal, Defendant filed the instant motion for an award of $39,050.00 in attorneys fees. Judge White referred the fee motion to this

Court for a report and recommendation. For the following reasons, the Court intends to recommend GRANTING the motion for fees in the amount of $39,050, one half to be paid by Plaintiffs and one half to be paid by Plaintiffs' counsel.

**Discussion**

**A.    A fee award is appropriate**

Defendant relies on two provisions in the loan documents at issue in the Complaint to justify its request for fees incurred in connection with this action. Specifically, the Adjustable Rate Mortgage Note signed by Plaintiff provides:

> 7(E) Payment of Lender's Costs and Expenses
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

Request for Judicial Notice Ex. A at 4.[1] Additionally, the Deed of Trust signed by Plaintiff provides:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees. . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes….

RJN Ex. B at 7.

Defendant contends that Plaintiffs' lawsuit to prevent Wells Fargo from enforcing the Note by enjoining the foreclosure sale, cancelling the trustee sale, and asking that Plaintiffs be reinstated on the title of the property was an action that "significantly affected [the] Lender's interest in the Property" under the deed of trust. Further, Defendant argues that Plaintiffs' entire lawsuit and all of the resulting costs and fees thus fall squarely within the contractual clause allowing fees in any

---

[1] In support of its fee motion, Defendant filed a request for judicial notice of, among other things, the Adjustable Rate Mortgage Note and Deed of Trust central to Plaintiff's complaint. The Court may take judicial notice of documents referred to by the complaint if they are authentic and central to plaintiff's claim. Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Plaintiff does not dispute that these documents are authentic, and the Court may take judicial notice of these documents.

2

action to "enforce the Note." In support of its motion, Defendant has submitted the declarations of attorneys Mark T. Flewelling and Melissa Coyle, attesting to fees of $39,050.00, as well time records for Mr. Flewelling and Ms. Coyle. Together these documents detail the number of hours billed, the nature of the services rendered, and the hourly rate and qualifications of each attorney who worked on the matter since it was filed.

California law governs Defendant's right to recover fees pursuant to an underlying contract. See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002). California Civil Code § 1717 states:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
> . . .
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
> . . .
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

Further, California Code of Civil Procedure section 1021 provides that: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided." California Code of Civil Procedure section 1032(b) confirms that, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." California Code of Civil Procedure section 1033.5(a) specifies that attorneys fees, when authorized by contract, are allowable as costs under Section 1032.

Plaintiffs' complaint, and Defendant's actions in defending against Plaintiffs' lawsuit, appear to fall within the attorneys fees provisions of the loan documents at issue. Plaintiffs do not dispute that the Deed of Trust and Note contain contractual terms entitling the prevailing party to attorneys

3

1  fees. Defendant further argues that it is the prevailing party in this lawsuit because Plaintiffs'
2  complaint was dismissed with prejudice. Dkt. #75. Plaintiffs' opposition to the fee motion asks this
3  Court to reconsider Judge White's previous order dismissing the case. However, this request for
4  reconsideration is untimely and procedurally improper and the Court declines to reconsider the
5  merits of any of Judge White's prior orders. Based on Judge White's order dismissing the case with
6  prejudice, Defendant is the prevailing party.

   Despite implicitly admitting that fees are authorized by the loan documents and that
Defendant has been deemed the prevailing party, Plaintiffs oppose the fee motion on the basis that
an award of fees would be "unjust and unreasonable" because they are "nearly destitute." For this
position, Plaintiffs cite without discussion Cruz v. Watchovia Mortgage, 775 F. Supp. 2d 1188
(C.D.Cal. March 8, 2011).[2] Cruz was a mortgage case brought by foreclosed-upon plaintiffs against
their lender. The district court dismissed the complaint and Wells Fargo sought approximately
$20,000 in attorneys fees based on language in the loan documents identical to the language at issue
here. The district court decided that it had discretion to deny contractually-authorized attorneys'
fees because they were "inequitable and unreasonable." Id.

   Defendant persuasively counters that Cruz was wrongly decided and should not be followed
because, under California statutory and Supreme Court law, prevailing parties are entitled to
contractual attorneys fees as a matter of right and district courts have no discretion to deny such fees.
Defendant points to the California Supreme Court's decision in Hsu v. Ybbara, 9 Cal.4th 863,
877-78 (1995), which examined the language and history of Civil Code section 1717 (providing that
prevailing parties to actions on a contract "shall be entitled" to reasonable attorneys fees). The
California Supreme Court held that:

> When a defendant obtains a simple, unqualified victory by defeating the only
> contract claim in the action, section 1717 entitles the successful defendant to
> recover reasonable attorney fees incurred in defense of that claim if the contract

---

[2] Plaintiffs also cite Gens v. Watchovia Mortgage Corp., 2011 WL 3844083 (N.D. Cal. Aug. 30, 2011)(Koh, J.), Wolf v. Wells Fargo Bank, N.A., 2011 WL 4595012 (N.D.Cal. 2012) (Alsup, J.), and Junod v. Dream Hosue Mortgage Co., 2012 WL 94355 (C.D.Cal. Jan. 5, 2012) but these cases cite Cruz without analysis or discussion and therefore do not add anything to Plaintiffs' position. Additionally, Wolf and Junod relate to attorneys fees under California Code of Civil Procedure section 405.38 (following a motion to expunge a lis pendens) which expressly makes awards in those cases discretionary, which is not the case here.

4

> contained a provision for attorney fees. The trial court has no discretion to deny attorney fees to the defendant in this situation by finding that there was no party prevailing on the contract.

Id. at 877. In coming to this conclusion, the Court focused on the "shall be entitled" language, and held that these words "reflect a legislative intent that a party prevailing on a contract receive attorney fees *as a matter of right* (and that the trial court is therefore *obligated* to award attorney fees) whenever the statutory conditions have been satisfied." Id. at 872 (emphasis in original). Though it was not at issue in Hsu, California Code of Civil Procedure 1032(b) contains similar "mandatory" language that seems to obligate courts applying California law to award fees in appropriate cases.

    Cruz did not mention Hsu, Civil Code section 1717, or the mandatory nature of the California statutory scheme authorizing contractual fees to prevailing parties when it refused to award fees to Wells Fargo in that case. Further, the three cases relied on by Cruz for courts' discretion to deny fees do not relate to California's statutory scheme for awards of fees pursuant to contract to prevailing parties. For example, Anderson v. Melwani, 179 F.3d 763, 766 (9th Cir.1999) applied "federal common law" to determine whether contractual attorneys fees were available, because local law was silent on the issue. In contrast, California law is not silent on the issue and instead has several relevant statutes indicating that such fees are mandatory. In turn, Anderson relied on DeBlasio Constr. Inc. v. Mountain States Constr. Co., 588 F.2d 259, 263 (9th Cir.1978)), which found that a district court was within its discretion to deny contractual attorneys fees where it would be inequitable and unreasonable because both parties had acted improperly. However, the Ninth Circuit cited Williston on Contracts for this holding, indicating that there was nothing in the underlying state law of Washington on point. Anderson also relied on McDonald's Corp. v. Watson, 69 F.3d 36, 45 (5th Cir.1995), a Fifth Circuit case unrelated to California law.

    This Court agrees with Defendant that Cruz's reasoning that courts in California have discretion to refuse to award contractual attorneys fees to prevailing parties should not be followed. Further, Plaintiffs have not shown why it would be unreasonable or inequitable to award fees against them in this case, other than that they are destitute. While the plight of foreclosed-upon mortgagees is unfortunate, this Court may not ignore applicable statutory law and California Supreme Court

precedent. A fee award to Defendant as the prevailing party is appropriate in this case.

**B.      Reasonableness of the fees sought**

In calculating reasonable attorney fees, courts consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th Cir.1986).

In order to determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); Davis v. City of San Francisco, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity"); see also PLCM Group v. Drexler, 22 Cal.4th 1084 (2000) ("In the present matter, the superior court based the award of attorney fees to the prevailing party, PLCM, on the number of hours expended by counsel multiplied by the prevailing market rate for comparable legal services in San Francisco, where counsel is located. No error appears. The superior court used a proper standard in calculating the fees.").

Defendant argues that the fees sought are reasonable in light of the experience of counsel and the prevailing market rates in the relevant community for similar work. In support, Defendant has submitted the declaration of Mark Flewelling detailing the qualifications and rates for the two attorneys in his firm who worked on the case, as well as the detailed billing records for the case. See Flewelling Decl. ¶ 4, Ex. A. In support of its attorneys' billing rates, Defendant cites Neufeld v. Wells Fargo Home Mortgage, 2011 U.S. Dist. LEXIS 63238 (C.D. Cal. June 11, 2011), a case

approving a rate of $350 per hour for Mr. Flewelling[3] and $265 per hour for Daniel Armstrong, an associate of comparable experience to Ms. Coyle. Plaintiff does not contest the reasonableness of the attorneys' hourly rates and they appear to be reasonable for the San Francisco area.

Plaintiffs also do not dispute the reasonableness of the time spent or total amount of fees sought, but again simply notes that they are "nearly destitute." Defendant's motion acknowledges that courts have some discretion to consider equities relating to the amount of fees awarded. See PLCM Group, Inc. v. David Drexler, 22 Cal. 4th 1084, 1095 (2000). However, the losing party's financial condition should not be considered in connection with contractual attorneys fees. Walker v. Ticor Title Co., 2012 Cal. App. LEXIS 306, *19-20 (March 15, 2012). Therefore, the Court must evaluate for itself the reasonableness of the fees sought. As is clear from the docket, this was not a mortgage case dismissed early based on obvious deficiencies with boilerplate pleadings. While there were some relatively straightforward issues, the case also involved a fraudulent joinder, two ultimately rejected *ex parte* motions brought by Plaintiffs, a motion to remand, and an order to show cause for failure to prosecute and respond to court deadlines resulting in sanctions against Plaintiffs' counsel.

As the billing records attached to Mark Flewelling's declaration indicate, the case was staffed by one senior lawyer and one associate. Time for paralegals or other staff has not been submitted and no reimbursement is requested. Defendant points out that it is only seeking 50% of the total fees billed to Wells Fargo, and a review of the billing records reveals that the time spent by these attorneys was reasonable. Flewelling Decl. ¶ 7. Therefore, the Court intends to recommend awarding $39,050.00, the full amount of fees sought.

**C.    Fees Assessed Jointly Against Plaintiffs' Counsel and Plaintiffs**

Given the conduct of Plaintiffs' counsel throughout this litigation, the Court further intends to recommend that fees be awarded half against Plaintiffs and half against their attorney, each to pay $19,525.00. In several recent mortgage cases, district courts in California have awarded contractual attorneys fees due to the lender against the plaintiffs' attorney, not against the client. See

---

[3] Defendant notes that, in an earlier fee motion brought by Plaintiffs' counsel, he sought $350 per hour and claimed to have spent almost 49 hours opposing a motion to dismiss, drafting an amended complaint and filing a motion to remand. See Dkt. # 48-1.

7

Mazzamuto v. Wachovia, 2010 U.S.Dist. LEXIS 131173 (N.D. Cal. 2012 Nov. 23, 2010); Gilbert v. World Savings Bank, 2011 U.S. Dist. LEXIS 34079 (N.D. Cal. March 21, 2011); Lopez v. Wachovia Mortgage, 2010 U.S. Dist. LEXIS 87444 (E.D. Cal July 30, 2010). In Mazzamuto and Gilbert, the court held that the plaintiff's attorneys had repeatedly violated their obligations as lawyers and violated the court's orders by failing to oppose motions and respond to orders. The court ruled that, in light of these attorneys' patterns of misconduct, they would personally carry the burden for the fee award, not their clients, but allowed for a showing of good cause to adjust the award.

Similarly here, the Court believes there is good cause for requiring Plaintiffs' counsel to shoulder half of the burden of the fee award. Counsel failed to timely oppose two motions, filed a meritless sanctions motion against Defendant, and then failed to timely comply with Judge White's sanctions order against him. All of these actions unnecessarily multiplied these proceedings. The Court hereby provides notice to Plaintiffs' attorney of its intent to recommend that fees be assessed against him personally. However, this determination is without prejudice to future adjustment for good cause shown. Plaintiffs' counsel may provide a response to this Court within one week of the date of this Order, addressed only to showing good cause for reducing the fee award against him personally. After consideration of any such submission, the Court will issue a Report and Recommendation.

IT IS SO ORDERED.

Dated: June 15, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

8