**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    FLORENCIO L. OMEGA,                    No. C -11-02621(EDL)

9              Plaintiff,                   **REPORT AND RECOMMENDATION TO**
                                            **GRANT MOTION FOR ATTORNEY'S**
10     v.                                   **FEES**

11   WELLS FARGO & CO.,

12             Defendant.
     _____/

13

14   <u>Background</u>

15           Plaintiffs Florencio and Juanita Omega originally filed this action relating to Defendant

16   Wells Fargo's foreclosure on their home in state court on May 16, 2011.  Defendant removed the

17   action to this Court based on federal question and diversity jurisdiction, arguing that Wells Fargo

18   was fraudulently joined.  Dkt. #1.  Defendant filed a motion to dismiss and Plaintiffs filed an

19   untimely opposition and then an amended complaint.  Dkt. # 10, 32.  Defendant moved to dismiss

20   the amended complaint.  Dkt. #36.  Plaintiffs failed to respond to the motion to dismiss, prompting

21   Judge White to issue an order to show cause.  Plaintiffs thereafter filed an *ex parte* motion to shorten

22   time on a motion for sanctions, which was denied.  Dkt. # 42-44.  Plaintiffs then filed a motion to

23   remand and an *ex parte* motion for a temporary restraining order.  Dkt. # 48, 54.  Judge White

24   denied both motions and set a hearing on Defendant's motion to dismiss.  Dkt. # 70.  Judge White

25   also issued an order sanctioning Plaintiffs' counsel for failure to comply with court deadlines and

26   diligently prosecute the case.  Dkt. # 71.  Plaintiffs counsel failed to pay sanctions, and Judge White

27   issued a second order imposing sanctions against Plaintiffs' counsel.  Dkt. # 73.  Judge White then

28   dismissed the case with prejudice.  Dkt. # 74-75.  Following dismissal, Defendant filed the instant

     motion for an award of $39,050.00 in attorneys fees.  Judge White referred the fee motion to this

**United States District Court**
For the Northern District of California

1   Court for a report and recommendation.  For the following reasons, the Court recommends

2   GRANTING the motion for fees in the amount of $39,050.

3   **Discussion**

4   **A.      A fee award is appropriate**

5        Defendant relies on two provisions in the loan documents at issue in the Complaint to justify

6   its request for fees incurred in connection with this action.  Specifically, the Adjustable Rate

7   Mortgage Note signed by Plaintiff provides:

8        7(E) Payment of Lender's Costs and Expenses
         The Lender will have the right to be paid back by me for all of its costs and expenses
9        in enforcing this Note to the extent not prohibited by applicable law.  Those expenses
         may include, for example, reasonable attorneys' fees and court costs.

10

11  Request for Judicial Notice Ex. A at 4.[1]  Additionally, the Deed of Trust signed by Plaintiff

12  provides:

13       If: (A) I do not keep my promises and agreements made in this Security Instrument,
         or (B) someone, including me, begins a legal proceeding that may significantly affect
14       Lender's rights in the Property (including but not limited to any manner of legal
         proceeding in bankruptcy, in probate, for condemnation or to enforce laws or
15       regulations), then Lender may do and pay for whatever it deems reasonable or
         appropriate to protect the Lender's rights in the Property. Lender's actions may
16       include, without limitation, appearing in court, paying reasonable attorneys' fees. . .

17       I will pay to Lender any amounts which Lender advances under this Paragraph 7 with
         interest, at the interest rate in effect under the Secured Notes….

18

19  RJN Ex. B at 7.

20       Defendant contends that Plaintiffs' lawsuit to prevent Wells Fargo from enforcing the Note

21  by enjoining the foreclosure sale, cancelling the trustee sale, and asking that Plaintiffs be reinstated

22  on the title of the property was an action that "significantly affected [the] Lender's interest in the

23  Property" under the deed of trust.  Further, Defendant argues that Plaintiffs' entire lawsuit and all of

24  the resulting costs and fees thus fall squarely within the contractual clause allowing fees in any

25  action to "enforce the Note."  In support of its motion, Defendant has submitted the declarations of

26  _____

27       [1] In support of its fee motion, Defendant filed a request for judicial notice of, among other things,
    the Adjustable Rate Mortgage Note and Deed of Trust central to Plaintiff's complaint. The Court may
    take judicial notice of documents referred to by the complaint if they are authentic and central to
28  plaintiff's claim.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  Plaintiff does not dispute that
    these documents are authentic, and the Court may take judicial notice of these documents.

attorneys Mark T. Flewelling and Melissa Coyle, attesting to fees of $39,050.00, as well time

records for Mr. Flewelling and Ms. Coyle.  Together these documents detail the number of hours

billed, the nature of the services rendered, and the hourly rate and qualifications of each attorney

who worked on the matter since it was filed.

California law governs Defendant's right to recover fees pursuant to an underlying contract.

See Berkla v. Corel Corp., 302 F.3d 909, 919 n.11 (9th Cir. 2002).  California Civil Code § 1717

states:

> (a) In any action on a contract, where the contract specifically provides that
> attorney's fees and costs, which are incurred to enforce that contract, shall be
> awarded either to one of the parties or to the prevailing party, then the party who is
> determined to be the party prevailing on the contract, whether he or she is the party
> specified in the contract or not, shall be entitled to reasonable attorney's fees in
> addition to other costs.
> . . .
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the
> costs of suit.
> . . .
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party
> prevailing on the contract for purposes of this section, whether or not the suit
> proceeds to final judgment. Except as provided in paragraph (2), the party prevailing
> on the contract shall be the party who recovered a greater relief in the action on the
> contract. The court may also determine that there is no party prevailing on the
> contract for purposes of this section.

Further, California Code of Civil Procedure section 1021 provides that: "Except as attorney's

fees are specifically provided for by statute, the measure and mode of compensation of attorneys and

counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or

proceedings are entitled to their costs, as hereinafter provided."  California Code of Civil Procedure

section 1032(b) confirms that, "Except as otherwise expressly provided by statute, a prevailing party

is entitled as a matter of right to recover costs in any action or proceeding."  California Code of Civil

Procedure section 1033.5(a) specifies that attorneys fees, when authorized by contract, are allowable

as costs under Section 1032.

Plaintiffs' complaint, and Defendant's actions in defending against Plaintiffs' lawsuit, appear

to fall within the attorneys fees provisions of the loan documents at issue.  Plaintiffs do not dispute

that the Deed of Trust and Note contain contractual terms entitling the prevailing party to attorneys

fees.  Defendant further argues that it is the prevailing party in this lawsuit because Plaintiffs'

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  complaint was dismissed with prejudice.  Dkt. #75.  Plaintiffs' opposition to the fee motion asks this

2  Court to reconsider Judge White's previous order dismissing the case.  However, this request for

3  reconsideration is untimely and procedurally improper and the Court declines to reconsider the

4  merits of any of Judge White's prior orders.  Based on Judge White's order dismissing the case with

5  prejudice, Defendant is the prevailing party.

6       Despite implicitly admitting that fees are authorized by the loan documents and that

7  Defendant has been deemed the prevailing party, Plaintiffs oppose the fee motion on the basis that

8  an award of fees would be "unjust and unreasonable" because they are "nearly destitute."  For this

9  position, Plaintiffs cite without discussion Cruz v. Watchovia Mortgage, 775 F. Supp. 2d 1188

10  (C.D.Cal. March 8, 2011).[2]  Cruz was a mortgage case brought by foreclosed-upon plaintiffs against

11  their lender.  The district court dismissed the complaint and Wells Fargo sought approximately

12  $20,000 in attorneys fees based on language in the loan documents identical to the language at issue

13  here.  The district court decided that it had discretion to deny contractually-authorized attorneys'

14  fees because they were "inequitable and unreasonable."  Id.

15       Defendant persuasively counters that Cruz was wrongly decided and should not be followed

16  because, under California statutory and Supreme Court law, prevailing parties are entitled to

17  contractual attorneys fees as a matter of right and district courts have no discretion to deny such fees.

18  Defendant points to the California Supreme Court's decision in Hsu v. Ybbara, 9 Cal.4th 863,

19  877-78 (1995), which examined the language and history of Civil Code section 1717 (providing that

20  prevailing parties to actions on a contract "shall be entitled" to reasonable attorneys fees).  The

21  California Supreme Court held that:

22       When a defendant obtains a simple, unqualified victory by defeating the only
        contract claim in the action, section 1717 entitles the successful defendant to
23       recover reasonable attorney fees incurred in defense of that claim if the contract
        contained a provision for attorney fees.  The trial court has no discretion to deny
24       attorney fees to the defendant in this situation by finding that there was no party

25

26  [2]Plaintiffs also cite Gens v. Watchovia Mortgage Corp., 2011 WL 3844083 (N.D. Cal. Aug. 30, 2011)(Koh, J.), Wolf v. Wells Fargo Bank, N.A., 2011 WL 4595012 (N.D.Cal. 2012) (Alsup, J.), and
27  Junod v. Dream House Mortgage Co., 2012 WL 94355 (C.D.Cal. Jan. 5, 2012) but these cases cite Cruz without analysis or discussion and therefore do not add anything to Plaintiffs' position. Additionally,
28  Wolf and Junod relate to attorneys fees under California Code of Civil Procedure section 405.38 (following a motion to expunge a lis pendens) which expressly makes awards in those cases discretionary, which is not the case here.

4

United States District Court
For the Northern District of California

1      prevailing on the contract.

2  Id. at 877.  In coming to this conclusion, the Court focused on the "shall be entitled" language, and

3  held that these words "reflect a legislative intent that a party prevailing on a contract receive

4  attorney fees *as a matter of right* (and that the trial court is therefore *obligated* to award attorney

5  fees) whenever the statutory conditions have been satisfied."  Id. at 872 (emphasis in original).

6  Though it was not at issue in Hsu, California Code of Civil Procedure 1032(b) contains similar

7  "mandatory" language that seems to obligate courts applying California law to award fees in

8  appropriate cases.

9      Cruz did not mention Hsu, Civil Code section 1717, or the mandatory nature of the

10  California statutory scheme authorizing contractual fees to prevailing parties when it refused to

11  award fees to Wells Fargo in that case.  Further, the three cases relied on by Cruz for courts'

12  discretion to deny fees do not relate to California's statutory scheme for awards of fees pursuant to

13  contract to prevailing parties.  For example, Anderson v. Melwani, 179 F.3d 763, 766 (9th Cir.1999)

14  applied "federal common law" to determine whether contractual attorneys fees were available,

15  because local law was silent on the issue.  In contrast, California law is not silent on the issue and

16  instead has several relevant statutes indicating that such fees are mandatory.  In turn, Anderson

17  relied on DeBlasio Constr. Inc. v. Mountain States Constr. Co., 588 F.2d 259, 263 (9th Cir.1978)),

18  which found that a district court was within its discretion to deny contractual attorneys fees where it

19  would be inequitable and unreasonable because both parties had acted improperly.  However, the

20  Ninth Circuit cited Williston on Contracts for this holding, indicating that there was nothing in the

21  underlying state law of Washington on point.  Anderson also relied on McDonald's Corp. v. Watson,

22  69 F.3d 36, 45 (5th Cir.1995), a Fifth Circuit case unrelated to California law.

23      This Court agrees with Defendant that Cruz's reasoning that courts in California have

24  discretion to refuse to award contractual attorneys fees to prevailing parties should not be followed.

25  Further, Plaintiffs have not shown why it would be unreasonable or inequitable to award fees against

26  them in this case, other than that they are destitute.  While the plight of foreclosed-upon mortgagees

27  is unfortunate, this Court may not ignore applicable statutory law and California Supreme Court

28  precedent.  This Court recommends that fees be award to Defendant as the prevailing party in this

1  case.

2

3  **B.    Reasonableness of the fees sought**

4    In calculating reasonable attorney fees, courts consider the following factors: (1) the time and

5  labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to

6  perform the legal services properly, (4) the preclusion of other employment by the attorney due to

7  acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

8  limitations imposed by the client or circumstances, (8) the amount involved and the results obtained,

9  (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11)

10  the nature and length of the professional relations with the client, and (12) awards in similar cases.

11  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1339 (9th

12  Cir.1986).

13    In order to determine what rate is "reasonable," courts look at "prevailing market rates in the

14  relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984); Davis v. City of San Francisco,

15  976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to

16  the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel

17  charge their paying clients for legal work of similar complexity"); see also PLCM Group v. Drexler,

18  22 Cal.4th 1084 (2000) ("In the present matter, the superior court based the award of attorney fees to

19  the prevailing party, PLCM, on the number of hours expended by counsel multiplied by the

20  prevailing market rate for comparable legal services in San Francisco, where counsel is located. No

21  error appears. The superior court used a proper standard in calculating the fees.").

22    Defendant argues that the fees sought are reasonable in light of the experience of counsel and

23  the prevailing market rates in the relevant community for similar work.  In support, Defendant has

24  submitted the declaration of Mark Flewelling detailing the qualifications and rates for the two

25  attorneys in his firm who worked on the case, as well as the detailed billing records for the case.  See

26  Flewelling Decl. ¶ 4, Ex. A.  In support of its attorneys' billing rates, Defendant cites Neufeld v.

27  Wells Fargo Home Mortgage, 2011 U.S. Dist. LEXIS 63238 (C.D. Cal. June 11, 2011), a case

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    approving a rate of $350 per hour for Mr. Flewelling[3] and $265 per hour for Daniel Armstrong, an

2    associate of comparable experience to Ms. Coyle.  Plaintiffs do not contest the reasonableness of the

3    attorneys' hourly rates and they appear to be reasonable for the San Francisco area.

4        Plaintiffs also do not dispute the reasonableness of the time spent or total amount of fees

5    sought, but again simply notes that they are "nearly destitute."  Defendant's motion acknowledges

6    that courts have some discretion to consider equities relating to the amount of fees awarded.  <u>See</u>

7    <u>PLCM Group, Inc. v. David Drexler</u>, 22 Cal. 4th 1084, 1095 (2000).  However, the losing party's

8    financial condition should not be considered in connection with contractual attorneys fees.  <u>Walker</u>

9    <u>v. Ticor Title Co.</u>, 2012 Cal. App. LEXIS 306, *19-20 (March 15, 2012).  Therefore, the Court must

10   evaluate for itself the reasonableness of the fees sought.  As is clear from the docket, this was not a

11   mortgage case dismissed early based on obvious deficiencies with boilerplate pleadings.  While

12   there were some relatively straightforward issues, the case also involved a fraudulent joinder, two

13   ultimately rejected *ex parte* motions brought by Plaintiffs, a motion to remand, and an order to show

14   cause for failure to prosecute and respond to court deadlines resulting in sanctions against Plaintiffs'

15   counsel.

16        As the billing records attached to Mark Flewelling's declaration indicate, the case was

17   staffed by one senior lawyer and one associate.  Time for paralegals or other staff has not been

18   submitted and no reimbursement is requested.  Defendant points out that it is only seeking fifty

19   percent of the total fees billed to Wells Fargo, and a review of the billing records reveals that the

20   time spent by these attorneys was reasonable.  Flewelling Decl. ¶ 7.  Therefore, the Court

21   recommends awarding $39,050.00, the full amount of fees sought.[4]

22

---

23        [3]Defendant notes that, in an earlier fee motion brought by Plaintiffs' counsel, he sought $350
24   per hour and claimed to have spent almost 49 hours opposing a motion to dismiss, drafting an amended
     complaint and filing a motion to remand.  <u>See</u> Dkt. # 48-1.

25        [4]The Court initially considered recommending that the fee award be split evenly between
     Plaintiffs and their counsel.  The Court issued an Order notifying Plaintiff's counsel of this possibility,
26   and afforded him an opportunity to respond prior to the Court issuing a Report and Recommendation.
     Plaintiff's counsel responded that it would constitute a "double sanction" to award fees against him in
27   addition to the monetary sanctions already imposed against him for similar conduct.    Additionally, he
     argued that California law does not provide a basis for splitting fees between attorney and client in this
28   way.  Having considered counsel's arguments, the Court does not recommend requiring Plaintiffs'
     counsel to pay fees in this case.

1    Any party may serve and file specific written objections to this recommendation within ten

2  (10) working days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);

3  Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to

4  appeal the District Court's order.

5

6    **IT IS SO RECOMMENDED.**

7

8

9  Dated: June 25, 2012

10                                                    ELIZABETH D. LAPORTE
                                                      United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California